# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EMMA PORTER, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. PWG-13-2610 |
| RANDA S. AZZAM, *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

On October 2, 2013, this Court ordered Plaintiffs to show cause why this action for a declaratory judgment should not be dismissed for lack of jurisdiction. Order, ECF No. 3. On October 16, 2013, Plaintiffs filed a supplement clarifying that they are bringing this case based on diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332.[1] Supp. 1–2, ECF No. 4.

The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 & nn. 13–16 (1978); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005); 28 U.S.C. § 1332(c)(1)(B) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated").

Plaintiffs aver the matter in controversy exceeds $75,000 and state that Defendants Randa S. Azzam, Robert E. Frazier, Laura D. Harris, John El Driscoll, III, and Daniel Pesachowitz are citizens of Virginia, Samuel White, P.C. is a citizen of Maryland, and MSF REO I, LLC is a

---

[1] Plaintiffs have not presented a cognizable basis for federal question jurisdiction. *See* Order 2–3.

citizen of Delaware with a principle address in California. *See* Supp. 2. Plaintiff is a citizen of Maryland. *Id.* There is no basis for diversity jurisdiction under 28 U.S.C. § 1332, according to the information provided by Plaintiffs because they share common citizenship in Maryland with one of the Defendants, Samuel White, P.C.

For this reason, the Complaint will be dismissed for lack of subject matter jurisdiction without prejudice and without service on the Defendants. *See* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A separate order shall issue.

11/6/13
Date

Paul W. Grimm
United States District Judge